IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-00683-LTB

UNITED FOOD & COMMERCIAL WORKERS
INTERNATIONAL UNION, LOCAL NO. 7,

    Plaintiff,

v.

KING SOOPERS, INC.,

    Defendant.
_____

**ORDER**
_____

    This arbitration case is before me on Defendant, King Soopers, Inc.'s, Motion to Dismiss and supporting brief [**Docket ## 3, 4**]; Plaintiff, United Food & Commercial Workers International Union, Local No. 7's, Response [**Docket # 9**]; and Defendants' Reply [**Docket # 10**]. Oral argument would not materially assist the determination of this motion.

    Plaintiff is a labor union. Defendant is a grocery store chain. Both parties are signatories to a collective-bargaining agreement that includes an arbitration clause. In January 2005, William Lee—an employee of Defendant who was a member of Plaintiff labor union—was terminated for allegedly urinating into a drain in the deli area of a King Soopers store. Plaintiff filed a grievance to challenge whether Lee was terminated for "good and sufficient cause," as required by the collective-bargaining agreement.

    Pursuant to the arbitration clause, the grievance was heard by an arbitrator on January 18, 2007. On May 29, 2007, the arbitrator awarded Lee full reinstatement plus "backpay, benefits, and seniority from the date of discharge to the date he is reinstated" minus compensation and

earnings already received from the date of discharge through the date of reinstatement. The arbitrator "retain[ed] jurisdiction for 60 days from the date of th[e] decision to assist the parties in the calculation of backpay and/or benefits, if requested."

On August 9, 2007—more than 60 days after the date of the arbitrator's decision—Plaintiff wrote to the arbitrator to inform him that "the back pay remedy in this matter has not yet been resolved" and requested "that this matter be set for a remedy hearing as quickly as possible." On January 10, 2008, the arbitrator set the hearing for April 3, 2008. On January 21, 2008, the arbitrator informed the parties that—because Plaintiff did not request a hearing until after the 60-day extended jurisdiction period expired—he had "no authority to set a continued hearing date" and the April 3, 2008, hearing was cancelled. The backpay award remains undetermined and unpaid.

Plaintiff filed the present Complaint on April 3, 2008, requesting this Court issue a decree of specific performance requiring Defendant to implement the May 29, 2007, award in full, and requesting costs and attorney fees. Defendant now moves to dismiss Plaintiff's complaint. While Defendant styles its motion as arising under Rule 12(b)(6)—failure to state a claim on which relief may be granted—Defendant's argument shows its motion is actually premised on Rule 12(b)(1)—lack of subject-matter jurisdiction. *See* Memorandum Brief in Support of Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), p. 2 ("A federal Court may not decide questions reserved to an arbitrator.").

It is not disputed that the parties to this action are both bound by the collective-bargaining agreement. Article 48 of the collective-bargaining agreement states: "Should any dispute or complaint arise over the interpretation or application of this Agreement," and "if the

grievance cannot be satisfactorily resolved . . . either party may . . . request arbitration and the other party shall be obliged to proceed with arbitration in the manner hereinafter provided." Here, an unresolved dispute remains—the amount of backpay—that arises out of the collective-bargaining agreement. It would be improper for this Court to resolve the dispute in light of Article 48 absent some showing of waiver on Defendant's behalf. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *McWilliams v. Logicon, Inc.*, 143 F.3d 573, 576–77 (10th Cir. 1998).

While Defendant moves to dismiss on the basis of the arbitration agreement, "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008); *see also Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538–39 (10th Cir. 1987) ("Section 3 of the Federal Arbitration Act contemplates continuing supervision by the district court to ensure that arbitration proceedings are conducted within a reasonable period of time, thus preventing any impairment of the plaintiffs' right to seek relief.").

Accordingly, after consideration of the motion, the papers, and the case file, I DENY Defendants' Motion to Dismiss [**Docket # 3**]. As the underlying dispute is the subject matter of an arbitration clause, however, I STAY this case pending arbitration of the unresolved issues pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. In order to encourage the

expeditious resolution of this matter, the parties are ORDERED to file joint status reports every thirty days.

Dated: November   20  , 2008.

                                              BY THE COURT:

                                                 s/Lewis T. Babcock
                                              Lewis T. Babcock, Judge